STATE EX REL. MAST *v.* SIMPSON, JUDGE.

[No. 27,149. Filed December 7, 1938.]

*Jay & Bontrager,* for appellant.

*Harry E. Vernon,* for appellee.

PER CURIAM—The relator having heretofore filed her

petition in this court in which she asks that the respondent be directed to grant to her a change of venue from the county, the same having been considered by the court, an alternative writ of mandate was issued.

It appears that prior to April, 1938, a guardian had been appointed for the relator under the statute providing for guardians for old and infirm persons; that in April, 1938, a petition was filed in the Elkhart Circuit Court to have relator declared a person of unsound mind. In that proceeding she was adjudged of unsound mind, but a guardian was not appointed, since she was already under guardianship. In October, 1938, in a trial by a jury in a proceeding seeking to have her relieved of the guardian appointed under the old and infirm person statute, there was a decision that she was capable of managing her own estate and her guardian was discharged. Thereupon one Culp filed a petition in the Elkhart Circuit Court asking that a guardian be appointed for relator as a person of unsound mind by virtue of the finding that she was of unsound mind entered in April. The relator appeared to this petition and filed a sufficient affidavit and motion for a change of venue from the county.

It appears from the response that the change of venue was denied upon the theory that a guardian should be appointed as a matter of course and that there is nothing to be litigated. But there is the question of whether the decision of the jury, that she was competent to manage her own estate in October, raises a presumption that although she may have been insane in April, she is no longer insane, and the question of whether, the court having failed to appoint the guardian in April, the power continues.

These questions we need not decide, but it seems clear that the relator has a right to present them and have

them adjudicated before an unbiased tribunal and to that end the change of venue should be granted.

It is, therefore, ordered that the alternative writ of mandate heretofore issued be and the same is hereby made absolute.